# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEN GIBSON, t/d/b/a Gibson Interior Products,  )<br>)<br>Plaintiff                                                )<br>)<br>vs.                                                             )<br>)<br>)<br>JENINA CARCIA, and                                )<br>CINDY BITENSKY, and                              )<br>ARNOLD CONTRACT, LLC,                       )<br>d/b/a Key Collective,                                   )<br>)<br>Defendants.                                     ) | DOCKET NO. _____<br><br>(electronically filed) |

Type of Pleading:
**COMPLAINT**

Filed on behalf of
Ken Gibson, t/d/b/a
Gibson Interior Products,
Plaintiff.

Counsel of Record for this Party:
Christopher P. Skatell, Esquire
PA ID# 68838

Eastgate Shopping Plaza, 2nd Floor
5142 Route 30
Greensburg, PA 15601

(724) 853 - 0364

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEN GIBSON, t/d/b/a Gibson Interior Products,<br><br>Plaintiff<br><br>vs.<br><br>JENINA CARCIA, and<br>CINDY BITENSKY, and<br>ARNOLD CONTRACT, LLC,<br>d/b/a Key Collective,<br><br>Defendants. | DOCKET NO. _____<br><br>(electronically filed) |

## COMPLAINT

AND NOW, comes the Plaintiff, Ken Gibson, t/d/b/a Gibson Interior Products, by and through his attorney, Christopher P. Skatell, Esquire, respectfully filing this Complaint and averring the following:

### INTRODUCTION

1. This action has been initiated by Ken Gibson, t/d/b/a Gibson Interior Products (hereinafter referred to as the "Plaintiff") for Defendants' Tortious Interference with Contractual Relations.

### JURISDICTIONAL

2. This Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to *28 U.S.C. § 1332(a)(1)*, which grants the District Court original jurisdiction in any civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

## VENUE

3. Pursuant to *28 U.S.C. § 1391(b)(2)*, Venue properly lies in the Eastern District of New York, as a substantial part of the event or omission giving rise to the claim occurred in this judicial district.

## PARTIES

4. Plaintiff, Ken Gibson, t/d/b/a Gibson Interior Products, is a New York sole proprietorship with an address of 1239 Broadway, 2nd Floor, New York, New York, 10001, United States of America.

5. Defendant, Jenina Carcia (hereinafter referred to as "Jenina"), is an adult individual with a work address of New York Design Center, Suite 1315, 200 Lexington Avenue, New York, New York, 10016, United States of America.

6. Defendant, Cindy Bitensky (hereinafter referred to as "Cindy"), is an adult individual with a work address of New York Design Center, Suite 1315, 200 Lexington Avenue, New York, New York, 10016, United States of America.

7. Defendant, Arnold Contract, LLC, d/b/a Key Collective (hereinafter referred to as "Arnold Contract"), is a New Jersey Limited Liability Company with an address of 400 Coit Street, Irvington, New Jersey, 07111, United States of America.

8. Key Collective is a division of Defendant Arnold Contract and has an address of New York Design Center, Suite 1315, 200 Lexington Avenue, New York, New York, 10016, United States of America.

## STATEMENT OF FACTS

9.  The Plaintiff is a furniture manufacturers' representative.

10. Defendant Arnold Contract is a manufacturer of specialized corporate and institutional furniture.

11. Key Collective, a division of Arnold Contract, employs sales agents who market and sell furniture from Arnold Contract, as well as from other manufacturers.

12. Defendants Jenina and Cindy are currently employed with Key Collective.

13. Logiflex (hereinafter referred to as "Logiflex") is a manufacturer of desks, storage components, office furniture, and other business furniture located in Canada.

14. In or about 1997, Plaintiff began working with Logiflex as a sales agent, marketing their products in the New York and New Jersey areas.

15. On or about December 20, 2015, the Plaintiff and Logiflex entered into a written contract in which the Plaintiff would continue to market and sale Logiflex products in certain locations in the United States, including locations in New York and New Jersey.

16. Over the course of Plaintiff's business relationship with Logiflex, the Plaintiff grew both his business and Logiflex's business, as the Plaintiff introduced Logiflex products to the local markets.

17. Plaintiff's business became very profitable while selling Logiflex products, and Logiflex's business grew substantially as well.

18. Plaintiff hired Jenina in June of 2014; she was eventually promoted to Executive Vice President.

19. Plaintiff hired Cindy in June of 2018 as a sales person.

20. While employed with Plaintiff, both Jenina and Cindy worked directly with Logiflex products, as well as with Logiflex owners and management.

21. Jenina and Cindy became very familiar with Logiflex products, as well as with the process of marketing their products herein the United States.

22. Jenina and Cindy then set out on a course of conduct designed to steal Plaintiff's business by taking his clients and his exclusive right to sell Logiflex products in the area.

23. In or about August of 2020, Cindy left Plaintiff's employ and went to work for Arnold Contract.

24. In or about May of 2021, Jenina, without authorization, downloaded Plaintiff's client database and left Plaintiff's employ.

25. Jenina subsequently went to work for Arnold Contract.

26. Jenina then utilized her romantic relationship with the owner of Logiflex and convinced him to terminate Logiflex's contractual relationship with the Plaintiff, which occurred on or about March 8, 2023.

27. Arnold Contract, Cindy, and Jenina then formed Key Collective and began selling Logiflex products, as well as began stealing away Plaintiff's clients.

28. Arnold Contract, Cindy, and Jenina all set out on a course of conduct designed to interfere with Plaintiff's contractual relationship with Logiflex.

### COUNT I – Tortious Interference with Contractual Relations
### Plaintiff v. All Defendants

29. Paragraphs 1-28 are incorporated herein as if fully set forth at length.

30. Plaintiff had a valid written contract with Logiflex as more fully detailed above.

31. Defendants Cindy and Jenina had knowledge of Plaintiff's contractual relationship with Logiflex, as they both worked for the Plaintiff and had direct hands-on knowledge of the Logiflex line of products and helped sell them for the Plaintiff.

32. Defendant Arnold Contract had knowledge of the Plaintiff's contractual relationship with Logiflex, as (1) Arnold Contract was in the same industry as Logiflex and the Plaintiff, (2) was in contact with Defendants Cindy and Jenina, and (3) was fully aware that the Plaintiff was the only marketer in the area of the Logiflex product line.

33. Defendant Cindy's actions of leaving Plaintiff's employ, going to work for Arnold Contract, and sharing her inside information regarding Plaintiff's relationship with Logiflex was a direct cause of Logiflex's breach of its contract with the Plaintiff.

34. Defendant Jenina's actions of leaving Plaintiff's employ, going to work for Arnold Contract, and sharing Plaintiff's client database and her inside information regarding Plaintiff's relationship with Logiflex was a direct cause of Logiflex's breach of its contract with the Plaintiff.

35. Defendant Jenina's romantic relationship with the owner of Logiflex is also a direct cause of Logiflex's breach of its contract with the Plaintiff.

36. Defendant Arnold Contract's action of employing Cindy and Jenina and utilizing Plaintiff's client database, together with forming Key Collective and using Cindy and Jenina to convince Logiflex to cut ties with the Plaintiff is a direct cause of Logiflex's breach of its contract with the Plaintiff.

37. Defendants' interference with Plaintiff's contractual relationship with the Plaintiff was intentional and improper, as their actions were part of a premeditated plan to steal the Logiflex account from the Plaintiff and ruin his business.

38. As a direct and proximate result of the Defendants' actions set forth above, Logiflex broke its contract with the Plaintiff, and the Plaintiff lost a large portion of its income.

39. As a direct and proximate result of the Defendants' actions set forth above, Plaintiff also lost a large portion of his client base, as the they are now working with the Defendants.

40. As a direct and proximate result of the Defendants' actions, the Plaintiff has been damaged in an amount in excess of $150,000.00.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and such other further relief as the Court deems just and proper.

### Plaintiff's Demand for Trial by Jury

Pursuant to rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by Jury with respect to the claims and relief set forth herein.

Dated:                                                                          Respectfully Submitted,

_p-2-24_

s/Christopher P. Skatell, Esquire

PA68838
Christopher P. Skatell, Esquire
Eastgate Shopping Plaza, 2nd Floor
5142 Route 30
Greensburg, PA 15601
724-853-0364 (phone)
724-853-0310 (fax)
Skatellz@aol.com

## **VERIFICATION**

I, Ken Gibson, hereby certify, pursuant to *28 U.S.C.A. § 1746*, and under penalty of perjury, that the foregoing contents of this Complaint are true and correct to the best of my knowledge.

Date: 8-2-24

_____
Ken Gibson, t/d/b/a Gibson Interior Products,
Plaintiff